USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/28/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ARTHUR R. MOLINA,
          Plaintiff,

v.

THE COUNTY OF WESTCHESTER;
CORRECTION OFFICER SARAIREH,
SHIELD NO. 1580; and C.O. SANTORA,
SHIELD NO. 1598,
          Defendants.
----------------------------------------------------------x

**OPINION AND ORDER**

16 CV 3421 (VB)

Briccetti, J.:

Plaintiff Arthur R. Molina, proceeding pro se and in forma pauperis, brings this action under 42 U.S.C. § 1983, alleging defendants violated his constitutional rights while he was incarcerated at Westchester County Jail, by failing to protect him from assault by another inmate.

Now pending is defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6).[1] (Doc. #17).

For the reasons set forth below, the motion is GRANTED. However, plaintiff is granted leave to file an amended complaint, with the limitations explained below.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

For purposes of ruling on a motion to dismiss, the Court accepts all factual allegations of the complaint as true, and draws all reasonable inferences in plaintiff's favor.

---

[1] Defendants filed their motion to dismiss on September 22, 2016. Plaintiff filed his opposition, after the Court sua sponte extended his time to do so (Doc. #24), on November 14, 2016. (Doc. #25). Defendants never submitted a reply or a request for an extension of time, and their deadline to do so has long passed. The Court therefore deems the motion to be fully submitted.

1

On March 8, 2016, while plaintiff was an inmate at Westchester County Jail, he was attacked by another inmate, "Mr. Tucker," who had recently been moved from the Special Housing Unit ("SHU") to the cell next to plaintiff's. Specifically, plaintiff alleges while he was "walking the yard," Tucker "ran up from behind . . . and attacked [him,] hitting [him], with closed[] fists," and that Tucker's "intention [was] to cause plaintiff serious bodily harm." (Compl. at 8).[2] Plaintiff alleges Tucker carried out this assault because, five minutes earlier, another inmate told Tucker that if he attacked someone, he would be moved to another cell block.

Plaintiff alleges correction officers Saraireh and Santora were "not walking the rec/yard and sitting in the doorway that enters the rec/yard therefor[e] could not see or hear what was going on in the rec/yard." (Compl. at 11). In addition, he alleges Saraireh and Santora "knew of the risk to [plaintiff']s safety and [were] negligent for not tryin[g] to prevent the assault before it happen[ed]." (Compl. at 9). He alleges they "had reasonable knowledge to know that an incident was tak[ing] place," but "waited to the last minute to defuse the incident." (Id.).

Plaintiff suffered several injuries and was taken to the emergency room, where he received medical care. When he returned to Westchester County Jail, he was told he "would not face any disciplinary action," and that the inmate who attacked him would be put back in SHU. (Compl. at 9). He was also told that "the facility [was going to] press[] charges." (Id. at 10).

---

[2] Citations to the complaint refer to the page numbers stamped by the ECF filing system at the top of the page.

## DISCUSSION

I. <u>Standard of Review</u>

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. <u>Id.</u> at 678; <u>Hayden v. Paterson</u>, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Ashcroft v. Iqbal</u>, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." <u>Id.</u> at 678; <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u>

The Court must liberally construe submissions of <u>pro se</u> litigants, and interpret them "to raise the strongest arguments that they <u>suggest</u>." <u>Triestman v. Fed. Bureau of Prisons</u>, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citation omitted). Applying the pleading rules permissively is particularly appropriate when, as here, a <u>pro se</u> plaintiff alleges civil rights violations. <u>See Sealed Plaintiff v. Sealed Defendant</u>, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a <u>pro se</u> case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Chavis v. Chappius</u>, 618 F.3d

162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted). Nor may the Court "invent factual allegations" plaintiff has not pleaded. Id.

II.    Failure to Protect Claim

Defendants argue plaintiff has failed to state a constitutional violation for failure to protect him against assault by another inmate.

The Court agrees.

A claim for deliberate indifference brought by a convicted prisoner "is analyzed under the Eighth Amendment," Caiozzo v. Koreman, 581 F.3d 63, 69 (2d Cir. 2009) (overruled on other grounds by Darnell v. Pineiro, 849 F.3d 17 (2d Cir. 2017)), whereas "[a] pretrial detainee's claims . . . are governed by the Due Process Clause of the Fourteenth Amendment." Darnell v. Pineiro, 849 F.3d at 29.

To to state a claim for deliberate indifference, whether under the Eighth or Fourteenth Amendment, plaintiff's allegations must satisfy a two-prong test. First, the plaintiff must plausibly allege he suffered a sufficiently serious constitutional deprivation. Second, the plaintiff must plausibly allege that the defendant acted with deliberate indifference. Taylor v. Goorde, 548 Fed. Appx. 696, 698 (2d Cir. 2013) (summary order) (convicted prisoner);[3] Darnell v. Pineiro, 849 F.3d at 29 (pretrial detainee).

With respect to the first prong, the standard is the same whether the claim is brought by a convicted prisoner or a pretrial detainee. "Under both the Eighth and Fourteenth Amendments, to establish an objective deprivation, 'the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health.'" Darnell v. Pineiro,

---

[3]    Plaintiff will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

849 F.3d at 30 (quoting Walker v. Schult, 717 F.3d 119, 125 (2d Cir. 2013)). "There is no 'static test' to determine whether a deprivation is sufficiently serious; instead, 'the conditions themselves must be evaluated in light of contemporary standards of decency.'" Id. (quoting Blissett v. Coughlin, 66 F.3d 531, 537 (2d Cir. 1995)).

With respect to the second prong, however, the legal standards are different for convicted prisoners and pretrial detainees. See Darnell v. Pineiro, 849 F.3d at 32-36.

For convicted prisoners, to whom the Eighth Amendment applies, a corrections officer acts with deliberate indifference when he subjectively "has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm." Hayes v. N.Y.C. Dep't of Corr., 84 F.3d 614, 620 (2d Cir. 1996). The officer "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Cuoco v. Moritsugu, 222 F.3d 99, 107 (2d Cir. 2000).

However, for pretrial detainees, to whom the Fourteenth Amendment applies, the second prong "of a deliberate indifference claim is defined objectively." Darnell v. Pineiro, 849 F.3d at 35 (emphasis added). A "pretrial detainee must prove that the defendant-official acted intentionally . . . or recklessly failed to act with reasonable care to mitigate the risk . . . even though the defendant-official knew, or should have known," of the risk of harm. Id. Thus, unlike the Eighth Amendment, the Due Process Clause of the Fourteenth Amendment "can be violated when an official does not have subjective awareness that the official's acts (or omissions) have subjected the pretrial detainee to a substantial risk of harm." Id.

Here, defendants presume, without explaining, that plaintiff was a convicted prisoner, not a pretrial detainee, during the relevant period. Because neither party has clearly articulated

5

whether plaintiff was a convicted prisoner or a pretrial detainee at the time of the alleged incident, the Court will evaluate plaintiff's complaint under both standards.

Applying the applicable standards, the Court concludes plaintiff's allegations are sufficient with respect to the first prong of the deliberate indifference claim, but are insufficient as to the second prong.

A. Sufficiently Serious Constitutional Deprivation

Plaintiff alleges defendants Saraireh and Santora did not "walk" the area where he was attacked, and instead sat "in the doorway" and that they "therefor[e] could not see or hear what was going on in the rec/yard." (Compl. at 11). In addition, in his opposition papers, plaintiff states there was an "absence of any correctional officers . . . present or within any plain visible view at any time in the recreational yard[,] thus violating the procedures." (Opp. Br. ¶ 7).

The failure of a correction officer to oversee prisoners, intervene in an attack, or otherwise fail to abide by prison safety protocols may under certain circumstances create a condition which poses a substantial risk of serious harm thus constituting a sufficiently serious constitutional violation. See, e.g., Fernandez v. N.Y.C. Dep't of Corr., 2010 WL 1222017, at *4 (S.D.N.Y. Mar. 29, 2010) (finding complaint sufficiently alleged substantial risk of harm where it was "possible that had [a corrections officer] been in the dorm area at the time of [plaintiff's] attack, he could have prevented or interrupted the attack"); Rennalls v. Alfredo, 2015 WL 5730332, at *4 (S.D.N.Y. Sept. 30, 2015) (the Court was "willing to assume, given the early stage in th[e] Action, Plaintiff ha[d] plausibly alleged that [defendant's] actions may have put Plaintiff at a substantial risk of serious harm," where plaintiff alleged one of the defendants failed to comply with a safety protocol).

6

Therefore, construing plaintiff's allegations liberally and drawing all reasonable inferences in his favor, the Court concludes plaintiff has plausibly alleged facts from which a sufficiently serious constitutional violation could be inferred.

B.  Deliberate Indifference

As mentioned previously, the second prong of a deliberate indifference claim differs depending on whether plaintiff is a convicted prisoner or a pretrial detainee. To survive a motion to dismiss, a convicted prisoner must plausibly allege the defendant(s) subjectively knew what they had done—here, their failure to intervene in the inmate-on-inmate attack—was unreasonable. A pretrial detainee, on the other hand, must plausibly allege the conduct complained of was objectively unreasonable, i.e., not reasonable under the circumstances.

Here, plaintiff alleges defendants Saraireh and Santora "knew of the risk to [his] safety and [were] negligent for not tryin[g] to prevent the assault before it happen[ed]." (Compl. at 9). He further alleges the corrections officers "had reasonable knowledge to know that an incident was tak[ing] place," but "waited to the last minute to defuse the incident." (Id.). However, plaintiff does not allege or explain how Saraireh or Santora learned of this risk or how plaintiff knows they became aware of this risk. These allegations are insufficient to show either objective or subjective deliberate indifference for several reasons.

First, such conclusory allegations of defendants' knowledge are insufficient. See Houston v. Nassau Cty., 2012 WL 729352, at *6 (E.D.N.Y. Mar. 7, 2012) ("Although plaintiff alleges that the County was '[a]ware of plaintiff being at risk of being attacked,' . . . this conclusory allegation is insufficient to maintain a Section 1983 deliberate indifference claim.").

Second, plaintiff alleges defendants were merely "negligent" in their actions. (Compl. at 9). Negligence is insufficient to state a Section 1983 violation under either the subjective or

7

objective standard. Hayes v. N.Y.C. Dep't of Corr., 84 F.3d at 620 ("to state a cognizable section 1983 claim, the prisoner must allege actions or omissions sufficient to demonstrate deliberate indifference; mere negligence will not suffice").

Finally, and most significantly, the allegations of the complaint suggest the attack happened quickly and with very little warning. Specifically, plaintiff alleges "at 9:50 AM" the inmate who attacked him was advised "to attack someone in the yard so he [would] be moved" to another housing block. (Compl. at 8). Plaintiff alleges the attack then took place five minutes later, at 9:55 a.m. (See id. at 2). Plaintiff does not allege any defendant corrections officer heard this advice or was otherwise aware or should have been aware of this advice. It is implausible defendants themselves, or reasonable corrections officers in their place, would have learned of the likelihood of an attack and been able to do something to prevent it within such a short period of time. Moreover, plaintiff does not allege he expressed fear for his safety prior to the attack or provide any other reason why any correction officer should have known there was danger of an attack. "Absent clear notice of a risk of harm to the prisoner, courts routinely deny deliberate indifference claims based upon surprise attacks." Fernandez v. N.Y.C. Dep't of Corr., 2010 WL 1222017, at *4 (internal quotation marks omitted). In addition, plaintiff does not say how long the alleged attack lasted. He states only that he "t[ook] multiple blows to the head and face causing a concussion," and that he "awoke to find the attacker being held on the wall by C.O. Santora." (Compl at 9). There are therefore insufficient allegations to suggest defendants Saraireh and Santora waited an unreasonable amount of time before they intervened.[4]

---

[4] As part of his opposition papers, plaintiff also submitted the affidavit of Kevin Alvarez, a fellow inmate at Westchester County Jail. (Doc. #26). Mr. Alvarez writes in his affidavit that he witnessed the events and that "[i]t was not until much later that the prison inmate attacker was subdued and [plaintiff] was . . . attended to." (Id. ¶¶ 6-9). However, "much later" is vague, and without additional factual context, this is insufficient to suggest defendants acted unreasonably.

8

Under the circumstances alleged, it is not plausible either that defendants subjectively knew, or that a reasonable corrections officer in their place should have known, of any substantial risk to plaintiff, or would have been able to take actions that would have prevented the attack.

As a result, plaintiff has failed plausibly to allege the second prong of the failure to protect standard under either the Eighth or the Fourteenth Amendment. Accordingly, plaintiff's Section 1983 failure to protect claim against defendants Saraireh and Santora is dismissed.

III. <u>Monell Liability</u>

Defendants argue plaintiff has failed to state a claim against Westchester County ("the County") under <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978).[5]

The Court agrees.

A municipality like the County is liable under Section 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the [plaintiff's] injury." <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. at 694. To state a <u>Monell</u> claim, a plaintiff need not allege the policy or custom itself is unconstitutional; rather, liability exists when a municipal policy is valid but the municipality's actual practice is not. <u>Amnesty America v. Town of W. Hartford</u>, 361 F.3d 113, 125–26 (2d Cir. 2004) (practice of using excessive force can be basis for municipal liability even though city's policy on use of force is itself constitutional).

---

[5] Defendants also argue the Westchester County Department of Corrections ("DOCs") should be dismissed "because it is not a suable entity." (Defs.'s Br. at 1, n.1). By Order dated June 7, 2016, the Court dismissed all claims against DOCs for that reason. (Doc. #7). In addition, defendants argue they are entitled to qualified immunity. (Defs.'s Br. at 9). The Court need not address qualified immunity at this time, as it dismisses all of plaintiffs' federal claims on the merits.

"While Monell claims are not subject to a 'heightened' pleading standard beyond that defined in Rule 8(a)(2), such claims nevertheless must meet the plausibility requirements of Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 572 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009)." Guzman v. United States, 2013 WL 5018553, at *4 (S.D.N.Y. September 13, 2013) (quoting Leatherman v. Tarrant Cty. Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993)). "In other words, boilerplate allegations will not suffice." Id. (internal quotation marks omitted). In sum, without more, "[t]he allegations [a defendant] acted pursuant to a 'policy,' without any facts suggesting the policy's existence, are plainly insufficient." Missel v. Cty. of Monroe, 351 F. App'x 543, 545-46 (2d Cir. 2009) (summary order) (citing Dwares v. City of New York, 985 F.2d 94, 100-02 (2d Cir. 1993)).

Here, plaintiff alleges only that the individual defendants' failure to "walk[] the rec-yard" and "wait[] to the last minute to defuse the incident" were "part of a policy[,] practice, and custom." (Compl. at 9).

Applying the legal standards just outlined, plaintiff's boilerplate allegations against the County are plainly insufficient. Accordingly, plaintiff's claims against the County are dismissed.

IV. State Law Claims

Defendants argue any state law tort claims liberally construed from plaintiff's complaint—such as causes of action for negligence or negligent infliction of emotional distress—should be dismissed for failure to file a notice of claim.

The Court agrees.

"[I]n a federal court, state notice-of-claim statutes apply to state-law claims." Hardy v. N.Y.C. Health & Hosps. Corp., 164 F.3d 789, 793 (2d Cir. 1999). "In New York, filing a [n]otice of [c]laim with a municipality is a condition precedent to commencing a tort claim

against any employee of that municipality." Chamberlain v. City of White Plains, 986 F. Supp. 2d 363, 396 (S.D.N.Y. 2013). "Failure to comply with [this] requirement[] ordinarily requires a dismissal for failure to state a cause of action." Hardy v. N.Y.C. Health & Hosps. Corp., 164 F.3d at 794.

In addition, "General Municipal Law § 50–e makes unauthorized an action against individuals who have not been named in a notice of claim." DC v. Valley Cent. Sch. Dist., 2011 WL 3480389, at * 1 (S.D.N.Y. June 29, 2011) (internal quotation marks omitted).

Here, plaintiff acknowledges he did not file a notice of claim. (See Opp. Br. ¶ 10). In an effort to overcome this deficiency, plaintiff requests permission to file a late notice of claim. This Court does not have the authority to grant plaintiff's request, however. New York General Municipal Law Section 50–e(7) "makes clear that [a]ll applications under this section shall be made to the supreme court or to the county court." Horvath v. Daniel, 423 F. Supp. 2d 421, 424–25 (S.D.N.Y. 2006) (internal quotations omitted). "Accordingly, federal district courts are without jurisdiction to hear these applications." Id.

Plaintiff's state law claims are therefore dismissed.

V. Leave to Amend

Rule 15(a)(2) instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Liberal application of Rule 15(a) is warranted with respect to pro se litigants who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000) (quoting Satchell v. Dilworth, 745 F.2d 781, 785 (2d Cir. 1984)). District courts "should not dismiss [pro se complaints] without granting leave to amend at least once when a liberal reading of the complaint gives any

indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)).

However, leave to amend may "properly be denied for . . . 'futility of amendment.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). This is true even when plaintiff is proceeding pro se. See Martin v. Dickson, 100 F. App'x 14, 16 (2d Cir. 2004) (summary order).

Here, as explained above, the Court does not have the authority to grant plaintiff's request to file a late notice of claim with respect to his state law claims. In addition, plaintiff's Monell claim against the County is plainly insufficient to state a claim, and nothing in the complaint suggests he might have a valid claim against the County. Thus, granting plaintiff leave to amend his state law claims or his Monell claim against the County would be futile.

However, a liberal reading of plaintiff's complaint suggests he may have a valid Section 1983 claim for failure to protect against defendants Saraireh and Santora. Moreover, plaintiff has not previously been provided an opportunity to amend his complaint.

Accordingly, plaintiff is granted leave to amend only the claim that Saraireh and Santora violated his constitutional rights by failing to protect him against the inmate attack.

Plaintiff is reminded that any factual allegation in the amended complaint must be true to the best of his knowledge, information, and belief. See Fed. R. Civ. P. 11(b)(3). In the amended complaint, plaintiff shall clearly set forth the facts that give rise to failure to protect claim, including the dates, times, and places of the alleged underlying acts. See Lee v. Graziano, 2013 WL 4426447, at *8 (N.D.N.Y. Aug. 15, 2013). Plaintiff must also state whether he was a pretrial detainee or a convicted prisoner at the time of the alleged attack on March 8, 2016.

**The amended complaint will completely replace, not supplement, the existing complaint. Therefore, plaintiff must include in the amended complaint all information necessary for his failure to protect claim.**

## CONCLUSION

Defendants' motion to dismiss GRANTED.

Plaintiff is granted leave to amend only as to his Section 1983 failure to protect claim against the individual defendants Saraireh and Santora. Plaintiff shall file his amended complaint by no later than June 1, 2017. Plaintiff is directed to utilize the Amended Complaint form attached hereto. If plaintiff fails to comply with this order, his complaint may be dismissed for failure to prosecute or failure to comply with a court order. Fed. R. Civ. P. 41(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to terminate the County of Westchester as a defendant.

The Clerk is further instructed to terminate the motion. (Doc. #17).

Dated: April 28, 2017
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.

-against-

_____

_____

_____
Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

No. _____
(To be filled out by Clerk's Office)

**AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes  ☐ No

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/6/16

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____
First Name          Middle Initial          Last Name

_____
State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____
Current Place of Detention

_____
Institutional Address

_____
County, City                    State                    Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name     Last Name     Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City     State     Zip Code

Defendant 2:

First Name     Last Name     Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City     State     Zip Code

Defendant 3:

First Name     Last Name     Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City     State     Zip Code

Defendant 4:

First Name     Last Name     Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City     State     Zip Code

## V. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____

### INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____

## VI. RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____
_____
_____

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|
| First Name    Middle Initial | Last Name |
| Prison Address | |
| County, City    State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____