UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ARTHUR R. MOLINA, :
              Plaintiff, :
               : **OPINION AND ORDER**
v. :
               : 16 CV 3421 (VB)
CORRECTION OFFICER SARAIREH, :
SHIELD NO. 1580; and C.O. SANTORA, :
SHIELD NO. 1598, :
              Defendants. :
--------------------------------------------------------------x

Briccetti, J.:

      Plaintiff Arthur R. Molina, proceeding pro se and in forma pauperis, brings this action under 42 U.S.C. § 1983, alleging defendants violated his constitutional rights while he was incarcerated at Westchester County Jail, by failing to protect him from attack by another inmate.

      Now pending is defendants' motion to dismiss the amended complaint pursuant to Rule 12(b)(6). (Doc. #37).

      For the reasons set forth below, the motion is GRANTED.

      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

      For purposes of ruling on a motion to dismiss, the Court accepts all factual allegations of the amended complaint as true, and draws all reasonable inferences in plaintiff's favor.

      On March 8, 2016, while plaintiff was an inmate at Westchester County Jail, he was attacked by another inmate, "[M]r. [T]ucker," who had recently been moved from the Special Housing Unit ("SHU") to the cell next to plaintiff's. (Am. Compl. at 4).

      In particular, plaintiff alleges Mr. Tucker wanted to be moved from the cell block in which he was housed to another location. Plaintiff alleges unnamed corrections officers told Mr. Tucker that "because he just came from the [SHU] and was on key-lock[,] only the warden

1

c[ould] move him." (Am. Compl. at 4). On March 8, as plaintiff entered the "rec/yard" he heard Mr. Tucker "yelling up to the third floor window talking to some inmates." (Id.). As plaintiff began to "walk the yard," he heard another inmate on the third floor tell Mr. Tucker to "attack someone in the yard" because this would ensure Mr. Tucker would be moved to another cell block. (Id.). Plaintiff alleges he looked for corrections officers, but "the two officers were no where [sic] in the rec/yard and only one correction officer was in the hallway of the building." (Id.). According to plaintiff, as he continued to walk in the recreation yard, "[M]r. [T]ucker came up from behind [him] and beg[a]n to attack" plaintiff. (Id.).

Plaintiff alleges he "took multiple blows to the head and face and black[ed] out" with a concussion. (Am. Compl. at 4). He alleges he "awo[ke] to find the attacker being held on the wall by C.O. [S]antora with no other C.O.s in si[ght]." (Id. at 4-5).

Plaintiff commenced this action by filing a complaint on May 9, 2016, alleging (i) corrections officers Saraireh and Santora failed to protect him against inmate attack, (ii) Westchester County was liable to him under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), and (iii) liberally construed, additional state law violations. (Doc. #1). By Opinion and Order dated April 28, 2017, the Court dismissed plaintiff's complaint, but granted him leave to amend the claim that corrections officers Saraireh and Santora violated his constitutional rights by failing to protect him against the inmate attack. (Doc. #33). On May 30, 2017, plaintiff filed his amended complaint, which is the subject of the instant motion to dismiss. (Doc. #34).

## DISCUSSION

I. Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft

v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

The Court must liberally construe submissions of pro se litigants, and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citation omitted). Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a pro se case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted). Nor may the Court "invent factual allegations" plaintiff has not pleaded. Id.

3

II. <u>Failure to Protect</u>

Defendants argue plaintiff's amended failure to protect claim fails to cure the defects identified in the Court's April 28, 2017, Opinion and Order.

The Court agrees.

As the Court explained in its Opinion and Order, a claim for deliberate indifference brought by a convicted prisoner is analyzed under the Eighth Amendment.[1] See <u>Darnell v. Pineiro</u>, 849 F.3d 17, 29 (2d Cir. 2017). To state an Eighth Amendment claim for deliberate indifference, a plaintiff's allegations must satisfy a two-prong test. First, the plaintiff must plausibly allege he suffered a sufficiently serious constitutional deprivation. Second, the plaintiff must plausibly allege that the defendants acted with deliberate indifference. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994).

With respect to the first prong, "the deprivation alleged must be, <u>objectively</u>, sufficiently serious . . . ; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." <u>Farmer v. Brennan</u>, 511 U.S. at 834 (internal citations and quotation marks omitted) (emphasis added). "For a claim . . . based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." <u>Id</u>.

With respect to the second prong, a corrections officer acts with deliberate indifference when he <u>subjectively</u> "has knowledge that an inmate faces a substantial risk of serious harm and

---

[1] On the amended complaint form, plaintiff marked a box indicating he was a pretrial detainee. (Am. Compl. at 2). However, in the text of his amended complaint, plaintiff states he was "a convicted prisoner at the time." (<u>Id</u>. at 4). In addition, defendants submitted an attorney declaration, which certifies that based on the "records provided by the Westchester Department of Correction," they have "confirmed Plaintiff was at all relevant times a convicted prisoner, as opposed to a pretrial detainee." (Decl. of David H. Chen at ¶ 2). The Court is thus satisfied that plaintiff was a convicted prisoner when the relevant events occurred.

4

he disregards that risk by failing to take reasonable measures to abate the harm." Hayes v. N.Y.C. Dep't of Corr., 84 F.3d 614, 620 (2d Cir. 1996). The officer "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Cuoco v. Moritsugu, 222 F.3d 99, 107 (2d Cir. 2000) (internal citation omitted). See also Farmer v. Brennan, 511 U.S. at 837.

Here, in its April 28, 2017, Opinion and Order, the Court concluded that plaintiff sufficiently alleged facts satisfying the first prong—objective deprivation—but failed sufficiently to allege facts satisfying the second prong—subjective deliberate indifference. (Doc. #33 at 6).

Plaintiff's amended complaint fails for the same reason.

In particular, even if it could be said that plaintiff's amended complaint alleges defendants were aware of facts that would give rise to an inference of substantial risk of harm to plaintiff—because the conversation between Mr. Tucker and another inmate were "yelled" and thus would have been overheard by these corrections officers—the amended complaint contains no allegations or facts suggesting defendants drew that inference.

The crux of plaintiff's allegations against defendants is that they were not where they should have been when the attack occurred. (See Am. Compl at 4; Opp. Br. ¶ 10). This says nothing about defendants' mental state. Moreover, the amended complaint is devoid of allegations suggesting, for example, that defendants had any history with plaintiff or reason to want him to be harmed, or that they had sufficient time to intervene but decided not to do so. See, e.g., Fernandez v. N.Y.C. Dep't of Corr., 2010 WL 1222017, at *4 (S.D.N.Y. Mar. 29, 2010) ("Absent clear notice of a risk of harm to the prisoner, courts routinely deny deliberate indifference claims based upon surprise attacks.") (internal citation and quotation marks

5

omitted).[2] As such, even liberally construing plaintiff's amended complaint, the Court concludes plaintiff has failed plausibly to allege deliberate indifference on the part of defendants.

In addition, plaintiff's reliance on a New York regulation requiring the maintenance of "active supervision . . . whenever prisoners are participating in activities outside facility housing areas," 9 N.Y.C.R.R. § 7003.4(a), is misplaced. "[A] state employee's failure to conform to state law does not in itself violate the Constitution and is not alone actionable under § 1983." Patterson v. Coughlin, 761 F.2d 886, 891 (2d Cir. 1985). In addition, even if it were true that defendants violated the regulation, plaintiff's amended complaint at most suggests they acted negligently in failing to supervise the prison recreation yard. Allegations of negligence are insufficient to state a Section 1983 violation. Hayes v. N.Y.C. Dep't of Corr., 84 F.3d at 620.

Accordingly, plaintiff has failed plausibly to allege a failure to protect claim and the amended complaint must be dismissed.

III.     Leave to Amend

Rule 15(a)(2) instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Liberal application of Rule 15(a) is warranted with respect to pro se litigants who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000) (quoting Satchell v. Dilworth, 745 F.2d 781, 785 (2d Cir. 1984)).

However, leave to amend may "properly be denied for . . . 'futility of amendment.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371

---

[2]     Because plaintiff is proceeding pro se, he will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

U.S. 178, 182 (1962)).  This is true even when plaintiff is proceeding pro se.  See Martin v. Dickson, 100 F. App'x 14, 16 (2d Cir. 2004) (summary order).

Here, plaintiff has already been given an opportunity to amend, and he did so when he filed his amended complaint, which is the subject of the instant motion.  Despite this, plaintiff has failed to cure the deficiencies (i) identified by defendants in their original motion to dismiss briefing, and (ii) articulated by the Court in its April 28, 2017, Opinion and Order.

Moreover, the Court concludes the facts and circumstances alleged in both plaintiff's original complaint and his amended complaint, even liberally construed, substantively do not plausibly give rise to an Eighth Amendment violation.

Accordingly, the Court concludes plaintiff would not be able to state a valid claim if given a third opportunity to amend his complaint and, thus, amendment would be futile.  The Court therefore declines to grant plaintiff further leave to amend.

## CONCLUSION

Defendants' motion to dismiss the amended complaint is GRANTED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to terminate the motion (Doc. #37) and close this case.

Dated: October 30, 2017
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

7